FILED
2017 Oct-26 PM 02:08
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **JUZANG, Guy** | ) |
|     **Plaintiff** | ) |
| | )   **CASE NO:** |
| **v.** | ) |
| | )   **Jury Demand** |
| | ) |
| **Wells Fargo Home Mortgage** | ) |
|     **Defendant** | ) |
| | ) |
| | ) |

## COMPLAINT

**COMES NOW** the Plaintiff Guy Juzang, in the above-styled cause and for the Complaint against the Defendant states as follows:

### NATURE OF ACTION

1. Plaintiff brings this action for damages and to enjoin a foreclosure proceeding instituted against him by the holder of the mortgage.

### JURISDICTION AND VENUE

2. This action is brought under Alabama state law. These claims are brought under 28 U.S.C. Section 1332 as there exists complete diversity and the amount in controversy exceeds Seventy Five Thousand Dollars ($75,000) exclusive of interest and cost.

3. Jurisdiction of this Court is based on diversity of citizenship. 28 U.S.C. Section 1332. The Plaintiff is a resident of the state of Alabama. The Defendant Wells Fargo Home Mortgage is either a resident of California where it has its place of business or South Dakota where its main office is located.

4. Venue is proper in this Court under 28 U.S.C. Section 1391(b) as the events took place in this Judicial District.

### PARTIES

5. The Plaintiff, Guy Juzang, is a citizen and resident of Huntsville, Alabama Madison County.

6. Defendant, Wells Fargo Home Mortgage is the servicer of the Note.

## STATEMENT OF FACTS

7. The Plaintiff purchased the land and developed the subject property at 107 Cotton Row NW Huntsville, AL 35806 in 1995. In 2004 they made an addition and secured the subject mortgage.
8. The Plaintiff made regular monthly mortgage payments until 2013. In 2013 the Plaintiff's business faltered and he fell behind on all payments including the mortgage.
9. The Plaintiff contacted the mortgage company and applied for a loan modification.
10. In August 2013, the Defendants "approved" a loan modification for the Plaintiff. However, the written terms of the modification did not match the verbal representations made to the Plaintiff.
11. Plaintiff contacted the Defendant multiple times to correct the error without success.
12. The Defendant, in communications with the Plaintiff, has characterized the Plaintiff's request that the original terms be honored as "reviewing the account for assistance".
13. Throughout 2014 the Plaintiff spent numerous hours on the phone with the Defendant in addition to sending in multiple loan modification packages as requested by Defendant's representatives.
14. Whenever the Plaintiff started a "new" loan modification he was instructed that payments would not be accepted while the account was "in review".
15. In October 2014, the Plaintiff was "removed" from the loan modification. The stated reason was that Plaintiff was "unable to provide the income documentation requested". The Plaintiff had in fact provided all necessary documentation. The problem was that the Plaintiff was a small business owner, thus any documents provided were generated by the Plaintiff's own employees.
16. By 2015, the Plaintiff was still fully embroiled in the loan modification cycle with the Defendants. He sent in multiple loan modification packets and explained to countless representatives why his documentation would be different from other applications.
17. Among the different applications submitted, the Defendant was inconsistent in the way they calculated the Plaintiff's income. In some applications they would understate the income and claim that the Plaintiff could not afford a reasonable repayment plan. IN

other applications they would overstate the income and claim that an exorbitantly high monthly payment was justifiable based on that. For example, on one application the income used to calculate a 'reasonable' monthly payment was ~$5,000.00/month and in a subsequent application the income used was ~$12,000.00/month. Each time the Plaintiff challenged the figures, he was transferred to a new representative and forced to start from the beginning.

18. In December of 2015 the Plaintiff was "approved" for a new loan modification. Again however, the written terms did not match the terms discussed. The Plaintiff argued that the terms should be correct before he made his first payment, but eventually relented and made the first TPP payment.
19. The Plaintiff, exhausted by the now three year ordeal, considered surrendering the home rather than agree to patently unfair terms.
20. After speaking with an attorney, the Plaintiff decided to continue to fight and filed for Chapter 13 protection to protect his home and in an attempt to force the Defendant to honor an equitable agreement.
21. The Defendant still declined to modify the Plaintiff's loan and now alleged that he was not eligible for review because he had "reached the allowable number of modifications".
22. The Defendants have set a foreclosure sale date of the Plaintiff's home for April 27th, 2017.

## COUNT ONE
## WRONGFUL FORECLOSURE

23. All paragraphs of the complaint are incorporated herein as if fully restated.
24. Defendants initiated a foreclosure proceeding against Mr. Juzang in violation of law.
25. The foreclosure proceeding is wrongful and without merit as Defendants have failed to meet a condition precedent to foreclosure.
26. The Defendants failed to properly conduct the required loss mitigation options and attempted to foreclose on the property.
27. Plaintiff claims all damages allowable under law.

## COUNT TWO

## NEGLIGENCE

28. All paragraphs of the complaint are incorporated herein as if fully restated.
29. The Defendants, as a result of its actions, representations and agreements to and with the Plaintiff owed a duty to Plaintiff in the servicing of the concerned loan.
30. Defendant negligently serviced Plaintiff's home loan and repeatedly attempted to foreclose on Plaintiff's home.
31. Defendant negligently managed the servicer responsible for servicing Plaintiffs' home loan.
32. Defendant negligently handled, applied, imposed, created, serviced and processed payments, charges, fees, expenses, loss mitigation efforts and other aspects of Defendant's loan and mortgage.
33. As a direct result of said negligence, Plaintiff was injured and damaged as alleged above and has suffered mental anguish, economic injury and all other damages allowed by law.
34. As a result thereof, the Defendants are liable for all natural, proximate and consequential damages due to its negligence.
35. Plaintiffs claim all damages allowable under law.

## COUNT THREE
## FRAUD - MODIFICATION

36. All paragraphs of the complaint are incorporated herein as if fully restated.
37. *Intentional False Statements.* Defendant, by and through its agents currently unknown to plaintiff intentionally represented that the plaintiff's loan would be modified was true. Those statements were false. Defendant knew the statements were false when they were made as defendants had no intention of modifying the loan. Plaintiff relied on those statements, reasonably believing in their truth when the statements were made. Defendant intended plaintiff to rely on those statements. This reliance resulted in harm to the plaintiff as described above.
38. *Reckless False Statements.* Defendant, by and through its agents currently unknown to Defendants, recklessly stated to the plaintiff that a present fact, the loan would be modified, was a realistic possibility, was true. Those statements were false. Plaintiff had no knowledge of whether those statements were true when they were made as defendant

had no intention of providing a modification and plaintiff relied on those statements, reasonably believing in their truth when the statements were made. Defendant intended plaintiff to rely on those statements. This reliance resulted in harm to the plaintiff as described above.

39. *Mistaken False Statements.* Defendant, by and through its agents currently unknown to plaintiff, mistakenly stated to the plaintiff that a present fact of the loan modification was true. Those statements were false and plaintiff relied on those statements, reasonably believing in their truth when the statements were made. Defendant intended plaintiff to rely on those statements. This reliance resulted in harm to the plaintiff as described above.

40. *Concealment.* Defendant hid or withheld an important fact, that the plaintiff had no possibility of obtaining a loan modification, from the plaintiff. Plaintiff did not know that important fact, resulting in harm to the plaintiff as described above.

41. *Deceit.* Defendants, by and through its agents currently unknown to plaintiff, intentionally stated to the plaintiff that a present fact, a loan modification, was true. Those statements were false. Defendant knew the statements were false when they were made as defendant had no intention of providing a modification and plaintiff relied on those statements, resulting in harm to the plaintiff as described above.

42. *Promissory Fraud.* Defendant promised to plaintiff that his loan would be modified if she complied with the stated requirements, which she did. Defendant intended to deceive plaintiff when the promise was made by inducing them to stay and take no action that would make foreclosure more difficult, thereby increasing the amount of fees accrued and collectable as Servicer to the plaintiff's detriment, resulting in damage to Defendants as described above.

43. Plaintiff claims all damages allowable under law.

## COUNT FOUR
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

44. All paragraphs of the complaint are incorporated herein as if fully restated.
45. Defendants violated the FDCPA, 15 U.S.C. 1692(f), by using unfair and unconscionable means to collect the debt owed by the Plaintiff, including the collecting and the attempted

collection of interest and other charges, fees and expenses not authorized by the subject Mortgage and otherwise in violation of law.

46. Defendants violated the FDCPA, by misrepresenting the character, amount and legal status of the Plaintiff's debt.

47. As a result, Plaintiff is entitled to actual damages, statutory damages in the month of $1000 and reasonable attorney's fees and costs.

## COUNT FIVE
## UNJUST ENRICHMENT

48. All paragraphs of this complaint are incorporated herein as if fully restated.

49. The actions of Defendant in foreclosing on the Plaintiff's home in violation of law resulted in Defendant being unjustly enriched by the assessment of fees, insurance proceeds and equity in the home.

50. Defendant's failure to properly conduct loss mitigation kept Plaintiff's outstanding mortgage principal artificially inflated, thus increasing Defendants servicing fees.

51. Without action by this Court, Defendants will recover illegally assessed penalties and fees upon sale of the Plaintiff's property.

52. As a result of Defendant's unjust enrichment, Plaintiff's have been injured and damaged in that they have been assessed penalties and fees that were illegal, inaccurate, unauthorized or otherwise improper under threat of foreclosure.

53. Plaintiff claims all damages allowable under law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff having set forth his claims for relief against the Defendants respectfully prays of the Court as follows:

a. That Plaintiff recover against the Defendants a sum to be determined by a jury of his peers in the form of actual damages;

b. That Plaintiff recover against the Defendants a sum to be determined by a jury of his peers in the form of punitive damages;

c. That Plaintiff recover against the Defendants a sum to be determined by a jury of his peers in the form of statutory damages;

d. That Plaintiff be awarded reasonable attorney's fees, costs, expenses;

e. **That the foreclosure sale be enjoined; and**

f. That Plaintiff be granted any relief the Court may deem just and proper.

Respectfully Submitted this 26th day of October, 2017

<u>/s/ Camalyn S. Turner</u>
2021 Tyson Drive
Birmingham, AL 35216
(205) 202.5190
cst@vulcanlegalgroup.com

PLAINTIFF DEMANDS A TRIAL BY JURY