FILED

2018 Feb-27  AM 11:10
U.S. DISTRICT COURT
N.D. OF ALABAMA



# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **GUY JUZANG,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Civil Action No. 5:17-CV-1808-CLS** |
| | ) | |
| **WELLS FARGO HOME** | ) | |
| **MORTGAGE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER OF DISMISSAL

Guy Juzang filed this action on October 26, 2017, asserting a claim for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, as well as state law claims for wrongful foreclosure, negligence, and fraud.[1]

Magistrate Judge Herman N. Johnson, Jr., to whom the case then was assigned, entered an order on January 19, 2018, stating:

> Plaintiff filed the complaint in this action on October 26, 2017. To date, plaintiff has not paid the filing fee nor served the summons and complaint on defendant. Rule 4(m), Federal Rules of Civil Procedure, commands the court to permit additional time if good cause exists for plaintiff's failure to effect service, yet also authorizes the court to relieve a plaintiff of the consequences of failure to timely effect service even if no good cause exists. *See also* Fed. R. Civ. P. 4 1993 advisory committee's note. Accordingly, the court ORDERS plaintiff to pay the filing fee and perfect service of the summons and complaint on defendant within fourteen (14) days from the entry date of this order.

---

[1] Doc. no. 1 (Complaint).

Doc. no. 2 (January 19, 2018 Order), at 1.  When plaintiff still had not paid the filing

fee, perfected service, or otherwise appeared by February 5, 2018, Judge Johnson

entered an order stating that he had "determined he will not be able to obtain consent

in this action in a timely manner," and directing the Clerk of Court to reassign the

case to a district judge for all further proceedings.[2]  The case then was reassigned to

the undersigned.

The undersigned entered an order on February 15, 2018, requiring plaintiff to

show cause by February 23, 2018, why his claims should not be dismissed as a result

of his failure to pay the filing fee, and his failure to obtain service of process within

the time period required by Federal Rule of Civil Procedure 4(m).[3]  As of this date,

plaintiff still has not paid the filing fee or obtained service of process.  He also did not

respond to the show cause order.  Accordingly, it is ORDERED that all of plaintiff's

claims are DISMISSED without prejudice.

---

[2] Doc. no. 3 (February 5, 2018 Reassignment Order), at 1.

[3] Doc. no. 5.  Rule 4(m) states:

> If a defendant is not served within 90 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff— must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.  This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1).

Fed. R. Civ. P. 4(m).

DONE this 27th day of February, 2018.

United States District Judge